412 P.2d 919

**UTAH COOPERATIVE ASSOCIATION,**
a Utah corporation, Plaintiff
and Appellant,

v.

**Wilburn Dale HELM and Marie L. Helm, his wife, Defendants and Respondents.**

**No. 10509.**

Supreme Court of Utah.

April 12, 1966.

———◇———

Ray, Rawlins, Jones & Henderson, Salt Lake City, for appellant.

Jackson B. Howard, Provo, for respondents.

HENRIOD, Chief Justice.

Appeal from a decision that interpreted a service station lease agreement. Affirmed. Costs to respondents.

Defendants in writing leased a service station to plaintiff. The lease provided that

> * * * if, for any reason, the possession or beneficial use of the premises is interfered with, the rent hereunder shall abate until the premises are fully restored to fitness for occupancy or such interference has ceased. It is understood and agreed that if by reason of any law, ordinance or regulation of properly constituted authority, or by injunction, lessee is prevented from using all or any substantial or material part of the property herein leased as a service station for the sale and storage of gasoline and petroleum products, or if the use of the premises as a service station shall be in any substantial or material manner restricted, or should any governmental authority refuse at any time during the term or extension of this lease to grant such permits as may be necessary for the installation of reasonable equipment and operation of said premises as a service station, then the lessee may, at its option, surrender and cancel this lease, * * *.

A freeway was built nearby which plaintiff asserts seriously cut down its sales, since the station was off the freeway, justifying surrender of the lease under its terms and eliminating further rentals. Under a reading of the lease we don't think so.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.